ARMSTRONG, Judge.
Appellants, Anthony Caminita, Charles Romano, Donald Spreen, Sr., American Mutual Liability Insurance Company of Boston (American Mutual), New Orleans Steve-doring Company (NOS), North River Insurance Company (North River), and the Board of Commissioners for the Port of New Orleans (Board), appeal from the trial court’s granting of appellee’s, Olin Corporation (Olin), motion for summary judgment.
Toluene Di Isocyanate (TDI) is a toxic chemical. Olin manufactures and ships that chemical. On July 14, 1984 Olin, via common carrier, delivered 200 steel. 55 gallon drums of TDI to the E.S. Binnings warehouse at the First Street Wharf in New Orleans for shipment to Colombia. On that same day, Henry Brown, an employee of NOS attempted to lift one of the steel drums with a forklift. The forks inadvertently punctured one of the drums and the TDI began to leak out.
The leaking drum was turned on its side, hole up, to prevent further leaking, and “chocked” (2 x 4’s were placed on either side of the barrel to prevent it from rolling). Anthony Caminita, the E.S. Binnings clerk in charge, was called to inspect the mishap. Caminita inspected the drum in an effort to locate the identifying label. When Caminita was unable to find the label he lifted the drum and tilted it. Caminita was unable to hold the drum in that position, and as it fell back between the 2 x 4’s more TDI leaked out. Caminita and two other E.S. Binnings employees, Spreen and Romano, claim that they incurred serious injuries as a result of their exposure to the TDI.
Caminita, Romano and Spreen filed suit against NOS, Olin, the Board, and North River, NOS’s liability insurer. American Mutual, E.S. Binnings’ workers compensation insurer, intervened seeking recoupment of workers compensation benefits.
On January 13, 1986 Olin filed a motion for summary judgment. The trial court granted that motion on January 24, 1986, and rendered judgment in favor of Olin and against the plaintiffs.
LSA-C.Civ.P. Art. 966 requires that a summary judgment “be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.”
Appellants claim that the trial court erred in granting Olin’s motion for summary judgment because there are still genuine issues of material fact. Appellants first argue that the warning materials regarding TDI were inadequate. They also argue that Olin’s use of a 55 gallon shipping drum was negligent. Finally they argue that transportation of TDI is an ultrahaz-ardous activity.
We disagree with appellants’ assertion that the TDI warning label was inadequate. Appellants contend that the warning label was not clearly visible and that the warning itself was insufficient.
The warning label is approximately 34 inches X 8½ inches and is written in three different languages. The English portion of the warning label in bold type states as follows:
DANGER
HEALTH HAZARD DISCLOSURE
1. HARMFUL IF INHALED. EXCESSIVE OR REPEATED EXPOSURE *336 MAY CAUSE SEVERE RESPIRATORY INJURY.
2. HARMFUL IF SWALLOWED OR IF IN CONTACT WITH EYES, NOSE, THROAT OR SKIN. CAUSES BURNS AND IRRITATION TO EYES, NOSE, THROAT AND SKIN.
3. MAY PRODUCE SKIN SENSITIZATION REACTION IN SOME PERSONS.
4. MAY PRODUCE SEVERE PULMONARY REACTION IN SOME PERSONS, WHICH MAY BE FATAL.
To the right side of that warning is a paragraph which reads in part as follows:
SPILL OR LEAKS: Wear a NIOSH/MSHA approved self contained breathing apparatus ...
This warning clearly indicates that TDI may be fatal and additionally gives instructions on the type of protection required during a spill. A jury simply could not find that this warning was inadequate.
Appellants also assert that the warning label was deficient in that it was placed on only one side of the drum.
It is well settled “that under Louisiana Law a manufacturer has a duty to label a product to warn of any dangers that are known to be inherent in it and its use or that may arise from foreseeable improper handling or use of the product.” Hawkins v. Evans Cooperage Co., Inc., 766 F.2d 904, 906 (5th Cir.1985). It is clear in the present case that Olin’s labels were completely and fully in compliance with the regulations of the U.S. Department of Transportation. There is no authority to support appellants’ contention that Olin should have used two labels.
With regard to the adequacy of the warning of TDI’s dangerous propensities, appellants also argue that a Material Safety Data Sheet (MSDS) produced by Olin identifying TDI and recommending handling procedures was deficient. As there is absolutely no evidence in the record that plaintiffs relied on the MSDS we find that this argument lacks merit.
Appellants also argue that Olin’s use of a 55 gallon drum was negligent. As with the warning labels Olin’s use of the 55 gallon drum complies completely with U.S. Department of Transportation regulations for chemicals of that type. There is no evidence whatsoever that the drum itself was defective. Appellants’ argument that Olin should not have used 55 gallon drums lacks merit.
We also disagree with appellants’ assertion that transportation of TDI is an ultrahazardous activity. The court’s analysis of that claim in Hawkins is quite accurate. “Louisiana law places in the ultra-hazardous category activities that ‘can cause injury to others, even when conducted with the greatest prudence and care.’ Kent v. Gulf States Utilities Co., La.1982, 418 So.2d 493, 498.” Hawkins, 766 F.2d at 907. We conclude, as did the Hawkins court, that TDI cannot be classified as ultrahazardous. There has been no assertion that TDI is hazardous when it is properly enclosed in steel drums. In order for TDI to produce any harm it must be allowed to escape into the atmosphere, and it cannot do so if due care is exercised in its handling.
For the foregoing reasons we find that the trial court correctly determined that there were no genuine issues of material fact and that appellee was entitled to judgment as a matter of law. The judgment of the trial court is affirmed.
AFFIRMED